UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPHE ARMSTRONG,

    Plaintiff,

v.        Case Number: 09-CV-11704

EAGLE ROCK ENTERTAINMENT, INC.,

    Defendant.
                                      /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court is Plaintiff's motion for reconsideration, filed on September 24, 2009, in response to the court's September 10, 2009 opinion and order granting Defendant's motion for summary judgment. For the reasons stated below, the court will deny Plaintiff's motion.

## I. BACKGROUND

Defendant Eagle Rock produces and sells a two-disc DVD, entitled "Mahavishnu Orchestra, Live at Montreux, 1984, 1974," which includes video and still pictures of Plaintiff Ralphe Armstrong, a professional bass player and a member of the Mahavishnu Orchestra in 1974. On April 6, 2009, Armstrong filed an action against Eagle Rock in the Oakland County Circuit Court, asserting claims for common law right of publicity (Count I), false designation of origin under Section 43(a) of the Lanham Act (Count II), common law right of privacy (Count III), and unjust enrichment (Count IV). On May 5, 2009, Defendant filed a notice of removal in this court. The parties stipulated to a

dismissal of Count I and Count IV, and on August 27, 2009, a "Stipulated Order of Partial Voluntary Dismissal" was issued dismissing these counts with prejudice.

As to the remaining counts, Defendant filed a motion for judgment on the pleadings, or alternatively, for summary judgment, which the court granted on September 10, 2009. Regarding Plaintiff's Lanham Act claim, the court applied the *Rogers* test as articulated by the Sixth Circuit in *ETW Corp. V. Jireh Pub., Inc.*, 332 F.3d 915 (6th Cir. 2003), and held that the claim was barred by the First Amendment. Regarding Plaintiff's appropriation claim, the court held that "Plaintiff has presented sufficient evidence to establish a genuine issue of material fact with regard to Plaintiff having a pecuniary interest . . . in his identity" and that "the scope of Plaintiff's consent would constitute a question of fact for the jury as Plaintiff denies consenting to the production of the DVD." (9/10/09 Order at 7, 9.) Nonetheless, the court held that the appropriation claim was barred by the First Amendment and preempted by the Copyright Act. (*Id.* at 21.)

In his motion for reconsideration, Plaintiff challenges the following statement from the previous opinion: "Based on these facts, reasonable minds cannot disagree that Plaintiff consented to being recorded." (Pl.'s Mot. at 6 (quoting 9/10/09 Order at 8).)

## II. STANDARD

Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest,

or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III. DISCUSSION

The court will deny Plaintiff's motion for reconsideration because even if the alleged defect were corrected, it would not result in a different disposition of the case. *See* E.D. Mich. LR 7.1(g)(3). Plaintiff takes issue with the following dictum from the court's previous opinion: "Based on these facts, reasonable minds cannot disagree that Plaintiff consented to being recorded." (Pl.'s Mot. at 6 (quoting 9/10/09 Order at 8).) Plaintiff alleges that the court erred in failing to consider his affidavit filed in response to Defendant's motion for summary judgment, which states, "Plaintiff did not consent to any audio or video recordation of my person while performing, engaging, or participating in the 1974 Montreux Performance in any manner." (*Id.* at 8 (quoting Armstrong Aff. ¶ 6).) The issue of consent, however, was immaterial to the court's resolution of the appropriation and Lanham Act claims and thus even if changed, the disposition of these claims would not. Indeed, the court found that the issue of consent constituted a genuine issue of material fact. (9/10/09 Order at 9 ("Here, the scope of Plaintiff's consent would constitute a question of fact for the jury as Plaintiff denies consenting to the production of the DVD.").) Also, a finding that Plaintiff consented for purposes of

state law would not necessarily foreclose Plaintiff's claim under 17 U.S.C. § 1101.[1] As Plaintiff explained in his reply brief regarding his motion for leave to amend,

> Fundamentally speaking, the Court's determination of whether Armstrong consented was addressable under a state law standard because of the underlying right of privacy claim. However, for purposes of the present claim under § 1101 of the U.S. Copyright Act, federal substantive law would apply as the underlying claim is brought under the Copyright Act. Therefore, the Court's existing finding as to Armstrong's consent would be inapplicable in regards to . . . Armstrong's Federal claim.

(Pl.'s Reply at 2 n.1.) Accordingly, even if the dictum constituted a palpable defect, correcting it would not affect Plaintiff's 17 U.S.C. § 1101 claim and thus would not result in a different disposition of the case. The court will therefore deny Plaintiff's motion for reconsideration. See E.D. Mich. LR 7.1(g)(3). Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt # 23] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: November 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 17, 2009, by electronic and/or ordinary mail.

    S/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

---

[1] In a separate order, the court granted Plaintiff's motion for leave to amend to add a claim under 17 U.S.C. § 1101. As stated in the order granting Plaintiff's motion for leave to amend, the statement that "reasonable minds cannot disagree that Plaintiff consented to being recorded" was not a formal finding of the court and is not now the "law of the case."